By the Court.
The defendant in error brought a suit in the common pleas of Hamilton county against the city of Cincinnati, its board of rapid *247 transit commissioners, its city auditor, city treasurer, and Frederick S. Spiegel.
The petition alleges that the rapid transit commissioners on May 19, 1916, adopted the following resolution: “Resolved, That Frederick S. Spiegel be appointed Counsel for this Commission, as provided in Sec. 4000-18, of an Act passed by the Legislature, Volumes 105-106, page 287, at the rate of $5,000 per annum, to be effective on and after June 1st, 1916, subject to the pleasure of the Boardthat said resolution providing for the payment of the salary named is without authority in law and that the payment thereof would be a misapplication of the funds of the city. The petition contains the necessary averment with reference to the request to the city solicitor to bring the suit and his refusal to do so.
Defendants admit the passage of the resolution and the request made of the solicitor to bring the suit referred to. They allege the creation of the rapid transit commission ,in pursuance of the statute known as the Bauer Law, 106 Ohio Law, 286, and aver that the necessary steps were taken to authorize the issuing of bonds for the purpose of providing funds for the construction of a rapid transit railway system and for the purchasing and condemning of the necessary land therefor.
The plaintiff filed a general demurrer to the answer, which was overruled by the court, and plaintiff not desiring to plead further judgment was entered in favor of the defendants. On error this judgment was reversed by the court of appeals and error is now prosecuted to this court.
*248 Defendant in error contends that Section 4214, General Code, provides the necessary steps that must be taken to authorize the payment of the compensation to employes of the city.
The plaintiffs in error insist that by the provisions of the rapid transit act, (106 Ohio Laws, 286), the board of rapid transit commissioners was vested with full authority to act in the premises and to employ counsel and fix his compensation. The pertinent portion of Section 4214, General Code, is as follows: “Except as otherwise provided in this title, council, by ordinance or resolution, shall determine the number of officers, clerks and employes in each department of the city government, and shall fix by ordinance or resolution their respective salaries and compensation, and the amount of bond to be given for each officer, clerk or employe in each department of the government, if any be required.”
The pertinent portion of Section 3 of the rapid transit act is as follows: “The board of rapid transit commissioners may employ clerks, engineers, superintendents and such other employes as may be necessary. * * * The superintendents, clerks, engineers, real estate experts, and attorneys of the board shall be in the unclassified service and all other employes shall be in the classified civil service of the municipality.”
It is contended, first, that there was no authority for compensation to an attorney employed by the board of rapid transit commissioners; second, that the board of rapid transit commissioners abused its discretion in employing an attorney, because of the *249 fact that there is a solicitor for the city of Cincinnati.
Section 5 of the rapid transit act includes the following: “The board of rapid transit commissioners shall have control of the expenditure of all moneys appropriated by the city council or received from sale of bonds provided for in this act or from any other source whatever, for the purchase, construction, improvement, maintenance, equipnient or enjoyment of all such rapid transit property.” •
It is clear that in the act referred to the general assembly has endowed the board of rapid transit commissioners with comprehensive powers to establish and construct a rapid transit system in the municipality. An independent proceeding has been created to be conducted by a separate and independent commission for the construction of the system referred to. ‘
It will be observed, that, by the provisions of Section 4214 quoted, it-is provided that the council shall determine the number of officers, clerks and employes in each department of the city government, and shall fix, by ordinance or resolution, their respective salaries or compensation. But by Section 4000-18, General Code, which is Section 3 of the rapid transit act, it is provided that the board of rapid transit commissioners may employ clerks, engineers, superintendents and such other employes as may be necessary. This provision, as pointed out, is included in an independent act passed subsequently to Section 4214, and for the specific purposes pointed out.
*250 The provision in Section 4214, General Code, with reference to the fixing of compensation by council, relates to the compensation of the officers, clerks and employes which the council had by its resolution determined there should be.
The provisions of Section 3 of the rapid transit act confer upon the rapid transit commissioners the power to employ clerks, engineers, superintendents and such other employes as may be necessary. There is no requirement that council shall first determine' the number of officers, employes, etc., to be employed by the board. The board determines that matter for itself. The necessary implication from this provision is that having given the board power to engage the employes referred to, it had the power to fix their compensation, and the provisions of Section 5, above quoted, sustain us in this view.
We see no reason in the circumstances of this case to hold that the board abused its discretion in the employment of counsel. The wisdom of securing the assistance of counsel appointed by itself to assist in the manifold responsible duties imposed by the statute is clear.
For these reasons we think the judgment of the court of appeals should be reversed.

Judgment reversed.

Nichols, C. J., Newman, Johnson and Donahue, JJ., concur.